116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jupiter H. ALIMPIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71022.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jupiter H. Alimpia, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's order denying his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant presents "evidence [that is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 Alimpia contends that he presented sufficient evidence to establish a well-founded fear of persecution. This contention lacks merit.
 
 
 5
 Alimpia testified that the New People's Army ("NPA") recruited him to work for them as a nurse for six months before he left them to work at another hospital. Later, the NPA made at least three attempts to recruit him again. In an affidavit, Alimpia stated that the NPA threatened to inform the government that he had worked for them in the past. Alimpia indicated that he fears that the NPA and the government will punish him if he returns to the Philippines.
 
 
 6
 We deny the petition for review because the evidence presented by Alimpia would not compel a reasonable factfinder to find the requisite fear of persecution. See Elias-Zacarias, 502 U.S. at 483-84. Because Alimpia failed to meet the lower standard required to obtain asylum, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3